IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS EUGENE SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-CV-0231-SMY |
| | ) |
| WALMART INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Thomas Sanders filed this personal injury action against Defendant Walmart Inc., claiming negligence and premises liability (Doc. 36). Now before the Court is Walmart's motion for summary judgment (Doc. 39). Plaintiff filed a response in opposition (Doc. 43), to which Walmart replied (Doc. 45). For the following reasons, the motion is **DENIED**.

### Factual Background

The following material facts are undisputed unless otherwise noted: On October 31, 2022, Plaintiff Thomas Sanders entered a Walmart store in Harrisburg, Illinois to purchase household items (Doc. 39-11, p. 9 ¶33; Doc. 45, pp. 1–2 ¶1). After checking out, Sanders entered the men's restroom at the front of the store at approximately 1:18 p.m. (Doc. 39, p.4 ¶¶21, 23; Doc. 39-11, p. 9 ¶34; Doc. 43, p. 3). While approaching the furthest urinal from the entrance, Sanders' left foot twisted and the left side of his body hit the floor (Doc. 39-11, pp. 9–10 ¶¶34–37).

Earlier that day, at approximately 1:10:41 p.m., a Walmart janitor entered the restroom (Doc. 39, p. 2 ¶2; Doc. 43, p. 1). Surveillance footage shows the janitor performing a cleaning motion at the entrance to the restroom at 1:13:39 p.m. and exiting at 1:14:18 p.m. (Doc. 39, p. 2 ¶¶3–4; Doc. 39-3, pp. 11, 20–21 ¶43, 80–82; Doc. 39-4; Doc. 39-5; Doc. 39-7, pp. 13, 16 ¶¶49–

50, 62; Doc. 39-14, p. 9 ¶36; Doc. 43 p. 1). Between 1:14 p.m. and 1:18 p.m., six customers entered and exited the restroom before Sanders (Doc. 39, p. 4 ¶20; Doc. 39-8, pp. 1–6; Doc. 43, p. 3).

Shortly after Sanders' fall, a Walmart associate approached the restroom and encountered Sanders exiting (Doc. 39 p. 5 ¶30; Doc. 39-12 pp. 4, 6–7 ¶16, 21, 27; Doc. 39-14, p. 10 ¶39; Doc. 43, p. 3). Sanders informed the associate that he had almost fallen and requested a wet floor sign be placed (Doc. 39 p. 5 ¶31; Doc. 39-12, p. 9 ¶36; Doc. 43, p. 3).

Sanders testified that he did not see anything on the floor before falling but noticed his clothes were wet afterward and observed wet footprints as he exited (Doc. 39-11, pp. 10, 13 ¶37–38, 52; Doc. 45, pp. 1–2 ¶1). He reported the incident to the Walmart service desk, prompting an investigation by a Walmart investigator (Doc. 39-11, p. 11 ¶42; Doc. 39-14; Doc. 45, p. 2 ¶3). The investigator reviewed surveillance footage and took photos of the restroom (Doc. 39, p. 5 ¶¶33–35; Doc. 43, p. 4). The photographs revealed no visible water on the floor at the time of investigation (Doc. 39-14, p. 12 ¶48; Doc. 39-15).

Surveillance footage shows an orange cone was positioned against the wall outside the restroom from an earlier time, well before the mopping occurred (Doc. 39-1). Following the incident, Sanders was treated for injuries including left knee damage which ultimately required knee replacement surgery. He later underwent neck fusion surgery (Doc. 45, p. 3 ¶6).

## Discussion

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a); *Alabama v. North Carolina*, 560 U.S. 330, 344 (2010). The moving party is entitled to summary judgment if the non-moving party "has failed to make a sufficient showing on an essential element of [his] case with respect to which [he]

has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Lawrence v. Kenosha Cnty.*, 391 F.3d 837, 841 (7th Cir. 2004).

### Count I—Negligence

A plaintiff claiming ordinary negligence must prove the following three elements: (1) the defendant owed a duty of care; (2) the defendant breached that duty; and (3) the plaintiff experienced injuries as a proximate cause of that breach. *Doe v. Coe*, 135 N.E.3d 1, 15 (Ill. 2019). Here, Walmart had a duty to maintain its restrooms "in a reasonably safe condition" for Sanders, a business invitee. *Hayes v. Bailey*, 80 Ill.App.3d 1027, 1030 (3rd Dist. 1980). Sanders contends that the absence of a warning sign at a proper place caused his fall. Walmart argues that it did not have a duty to place a warning in any specific location and the warning cone placed against the wall outside the restroom was sufficiently visible to alert Sanders of a wet floor.

Surveillance footage indicates that the cone was positioned against the wall as early as 12:18 p.m. (and possibly much earlier), well before the restroom was mopped (Doc. 39-1). And Walmart employees testified that the cone's placement did not comply with store safety policy after wet mopping (Doc. 39-3, p. 14 ¶56; Doc. 39-7, pp. 9, 13–14 ¶¶35, 49–52, 56; Doc. 39-14, p. 7 ¶28). As such, genuine issues of material fact exist as to whether Walmart breached its duty to Sanders and that the breach of its duty was a proximate cause of Sanders' injuries.

Next, citing *Lobianco v. Bonefish Grill*, 94 F.4th 675 (7th Cir. 2024), Walmart argues that Sanders cannot "create a jury issue by offering only after-the-fact speculation about whether a hazard existed at all." (Doc. 45, p. 14). It points to evidence that the associate who encountered Sanders following the incident did not observe any water on the floor and that the photographs

taken by the Walmart investigator similarly revealed no visible water on the floor. (Doc. 39-12, pp. 5, 7, 9 16–17, 19, 27–28, 33).

While Sanders acknowledged he did not see water on the floor before entering the restroom, he testified that he observed water visible in his footprint after the fall as he walked out (Doc. 39-11, pp. 10, 13 ¶37–38, 52). This evidence goes beyond "after-the-fact speculation" and creates a material issue of fact with respect to the existence of a hazard and whether it was open and obvious, as Walmart asserts. Defendant is not entitled to summary judgment on Count I.

### Count II—Premise Liability

To establish premises liability, a plaintiff must prove the elements of negligence and that: (1) a condition on the property presented an unreasonable risk of harm; (2) the defendant knew or reasonably should have known of the condition and the risk; and (3) the defendant could reasonably have expected that people on the property would not realize, would not discover, or would fail to protect themselves from the danger. *Garcia v. Goetz*, 121 N.E.3d 950, 958 (Ill. App. Ct. 2018). Walmart contends that it lacked constructive notice of the liquid on which Plaintiff slipped, and the alleged hazard did not present an unreasonable risk of injury or harm. Sanders argues that notice is not required when the hazardous condition results from Defendant's own conduct.

Walmart argues there is no evidence the janitor mopped the area where Sanders fell. It also points out that six other customers entered and exited the restroom before Sanders, suggesting the water or other substance may have been left by one of them and that Walmart lacked sufficient time to discover it. However, surveillance footage shows the janitor performing a cleaning motion at the restroom entrance, and the janitor testified that he may or may not have mopped the restroom (Doc. 39-3, pp. 11–12, 16 ¶¶42–48, 63; Doc. 39-11, p. 10 ¶40). On these facts, a jury could

reasonably conclude that the janitor mopped the restroom and left water on the floor. If so, whether Walmart had constructive notice becomes a jury question. *Wind v. Hy-Vee Food Stores, Inc.*, 272 Ill.App.3d 149, 155 (3rd Dist. 1995) ("If the plaintiff shows the substance is related to the defendant's business *and* offers some slight evidence . . . then the court will allow the jury to consider the issue . . . without requiring proof of . . . notice."). Similarly, whether the situation presented an unreasonable risk of harm is a question for the jury. *See Lane v. Hardee's Food Systems, Inc.*, 184 F.3d 705, 708–709 (7th Cir. 1999) (Under Illinois law, whether spilled water on restroom floor constitutes a dangerous condition is a jury question.). As such, Defendant is not entitled to summary judgment on Count II.

## Conclusion

For the foregoing reasons, Defendant's motion for summary judgment is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  May 12, 2025**

**STACI M. YANDLE**
**United States District Judge**